14-3683-cr
United States v. Ivory

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fifteen.

PRESENT:   AMALYA L. KEARSE,
                        REENA RAGGI,
                        RICHARD C. WESLEY,
                                    *Circuit Judges*.

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                                    *Appellee*,

                        v.                                                          No. 14-3683-cr

ANTHONY IVORY,
                                    *Defendant-Appellant.* [1]

------------------------------------------------------------------------

FOR APPELLANT:                          Anthony Collins, Collins & Martin, P.C., Wethersfield, Connecticut.

FOR APPELLEE:                            Patrick F. Caruso, Marc H. Silverman, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

---

[1] The Clerk of Court is directed to amend the official caption as shown above.

Appeal from a judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 10, 2014, is AFFIRMED.

Defendant Anthony Ivory, who was sentenced in 2011 to time served and three years' supervision for conspiring to traffic heroin, now appeals from a 24-month prison sentence imposed following the 2014 revocation of his supervision. Ivory contends that the sentence is procedurally unreasonable because the district court failed to state its reasons for imposing the 24-month sentence or for running it consecutive to a state sentence on the underlying criminal conduct. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Our review of the procedures employed in arriving at a challenged sentence is limited to "reasonableness." United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008) (internal quotation marks omitted); see also United States v. McNeil, 415 F.3d 273, 277 (2d Cir. 2005). Because Ivory did not object in the district court to the alleged failure to state reasons for the imposed sentence, we review only for plain error. See United States v. Villafuerte, 502 F.3d 204, 211 (2d Cir. 2007); see also United States v. Marcus, 560 U.S. 258, 262 (2010) (stating that plain error requires showing of (1) error, (2) that is clear or obvious, (3) affecting substantial rights, and (4) calling into question fairness, integrity, or public reputation of judicial proceedings). Ivory's challenge fails at the first step of analysis.

Title 18 U.S.C. § 3553(c) states that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." Section 3553(c) "requires no specific formulas or incantations; rather, the length and detail required of a district court's explanation varies according to the circumstances." United States v. Cassesse, 685 F.3d 186, 192 (2d Cir. 2012); see also Rita v. United States, 551 U.S. 338, 356 (2007). Here, the district court stated that it was imposing a consecutive 24-month sentence, the maximum term provided by law and the exact sentence recommended by the applicable Guidelines policy statement, see 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a)−(b), because Ivory's conduct—selling crack cocaine—violated federal as well as state law. The brief explanation was sufficient to explain the sentence in light of the circumstances.

First, Ivory had been sentenced to a below-Guidelines sentence for the crime for which he was on supervision based, in part, on a favorable government memorandum (not before this court) and Ivory's own urging that the court believe in him and in his ability to stay out of trouble. Ivory's betrayal of the court's trust, by conduct that constituted not only a violation of supervision but a crime, fully warranted the challenged sentence. See U.S.S.G. § 7B1.4(a), (b)(1); cf. id. cmt. n.4; United States v. Fleming, 397 F.3d 95, 100−01 (2d Cir. 2005) (recognizing that when defendant receives downward departure at sentencing and then repeatedly violates supervision, it is not unreasonable for district court to impose prison sentence greater than that recommended by applicable policy statement); United States v. Pelensky, 129 F.3d 63, 69−70 (2d Cir. 1997) (same).

3

Second, Ivory's adjustment to supervision had been fraught with problems. In March 2013, he admitted violating supervision by, among other things, testing positive for marijuana use, failing to appear for scheduled drug screens, failing to attend substance-abuse treatment, and failing timely to notify his probation officer of two arrests. Nonetheless, for those infractions the district court modified Ivory's supervision only to add conditions of electronic monitoring and home confinement.

Thereafter, Ivory violated the home-confinement order on 38 occasions. Furthermore, in June 2013, he failed to appear in state court in connection with his 2012 arrest for operating a motor vehicle with a suspended license. Once again, the district court showed Ivory considerable leniency by continuing Ivory on supervision, but warning that, upon any further violations, he would "go to prison." G.A. 49−52. Two months later, on September 6, 2013, Ivory sold crack cocaine, resulting in his arrest and eventual guilty plea in state court to the sale of narcotics, for which he was sentenced to five years' imprisonment.

In imposing the 24-month sentence here at issue, the district court expressed its disappointment that Ivory had again violated his supervision, noted his state sentence, and explained that it was imposing a consecutive 24-month sentence because his actions "violated federal law as well as state law." G.A. 66. The district court also explicitly rejected Ivory's self-serving attempt to excuse his conduct as financially motivated and further explained that it was imposing a 24-month sentence because it "had hoped that [Ivory] would have learned [the consequences of violating the law] by now, but [he] didn't." Id.

Given all parties' familiarity with Ivory's original federal crime of conviction, his repeated violations of supervision, the district court's express warning that any future violation would result in a prison term, and his further violation by drug trafficking amounting to a felony crime under both federal and state law, the district court's September 24, 2014 statements were sufficient to inform the defendant of the reasons for his sentence and "to satisfy [us] that [the district court] . . . ha[d] a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. at 356; see also United States v. Cassesse, 685 F.3d at 192−93 (explaining that where sentence imposed upon revocation of supervision "is within the recommended range, compliance with the statutory requirements can be minimal" and that section 3553(c) is satisfied if district court's statements (1) adequately inform defendant of reasons for his sentence, (2) permit meaningful appellate review, (3) enable public to learn why defendant received a particular sentence, and (4) guide probation and prison officials in developing programs to address defendant's needs).

The district court's statements were also sufficient to explain its decision to impose a consecutive sentence, which was recommended by U.S.S.G. § 7B1.3(f). Thus, we identify no error—much less plain error—in the district court's explanation of reasons for the imposed sentence.

We have considered Ivory's remaining arguments, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court